ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-2280-JAR |
| ) | |
| THE BOEING COMPANY, SPIRIT ) | |
| AEROSYSTEMS, INC., and THE ONEX ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

The Court now considers the trial location in this matter. Plaintiff James Woods filed this matter in the Kansas City division and designated Kansas City as the place of trial.[1] In their Answer, defendants designated Wichita as the place of trial.[2] The case was transferred to the undersigned on March 29, 2007,[3] in the Topeka division. Soon after the case was transferred, the Court set the matter for trial in the Topeka division and both parties filed motions asking that the jury trial be set at the place designated in their pleadings. On November 27, 2007, the Court entered a Memorandum and Order granting defendants' motion for summary judgment and, therefore, found the parties' motions on venue moot.[4] Plaintiff appealed the Court's summary judgment ruling and in an Order and Judgment filed December 8, 2009, the Tenth Circuit

---

[1](Doc. 1 at 5.)

[2](Doc. 7 at 6.)

[3](Doc. 36.)

[4](Doc. 67.)

reversed and remanded the case for trial.

On December 28, 2009, the Court conducted a telephonic hearing to discuss a trial setting and to determine if the parties continue to dispute the appropriate place for trial. The parties indicated that their positions have not changed and stood on the briefs that they filed prior to summary judgment (Docs. 56, 58, 63). The Court has considered the parties' submissions on this matter and is now prepared to find that the appropriate place of trial is Wichita, Kansas.

*Background*

Plaintiff filed this action alleging age discrimination under the Age Discrimination in Employment Act ("ADEA") on July 7, 2006. He alleges that defendant Spirit Aerosystems ("Spirit") failed to hire him for a position after it purchased Boeing Commercial Airplane's Wichita Division. Plaintiff's counsel is located in Kansas City, Missouri.

Plaintiff worked for Boeing in Wichita between 1978 and 2005. All of the facts giving rise to the lawsuit occurred in Wichita. It is undisputed that plaintiff resides in Wellington, Kansas, which is located thirty miles south of Wichita. It is also undisputed that all of the potential witnesses in this matter are either current Spirit or Boeing employees who work and reside in the Wichita area. Defendants and defendants' counsel are all located in Wichita.

*Discussion*

Under D. Kan. R. 40.2:

> The plaintiff, at the time of filing the complaint, shall file a request showing the name of the city where it desires the trial to be held. Such request for place of trial shall govern as to the location of the record office where the case shall be filed, docketed and maintained unless otherwise ordered by the court. . . . Each defendant, at the time it files its first pleading, and the plaintiff, in a removed action, within ten days after notice of the removal, shall file a request showing the name of the city where it desires the trial

to be held. Unless otherwise ordered by the court, such request
shall be served upon each party affected thereby.

The court shall not be bound by the requests for place of trial but
may, upon motion by a party, or in its discretion determine the
place of trial.

In this district, when considering a motion for intra-district transfer, courts look to the same factors relevant for change of venue under 28 U.S.C. § 1404.[5] In a § 1404(a) analysis, a district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[6] The burden of proving that the existing forum is inconvenient lies with the moving party.[7] Although a plaintiff's forum choice "should rarely be disturbed,"[8] the plaintiff's choice of forum receives little deference when, as here, the plaintiff does not reside there.[9]

In this case, plaintiff chose the Kansas City forum; however, plaintiff does not reside there. Plaintiff's only argument in support of trial in the Kansas City division is the fact that it was his choice of forum. As defendants point out, plaintiff's choice of forum should receive little deference under these circumstances. And plaintiff's reliance on *Roberts v. Sedgwick*

---

[5]*See, e.g.*, *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007).

[6]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991) (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1957)).

[7]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[8]*Id.*

[9]*Benson*, 2007 WL 1834010, at *2; *see also Menefee*, 2009 WL 1313236, at *1.

*County Sheriff's Department*[10] is unavailing. In that case, Judge Lungstrum relied on the presumption that the plaintiff's choice of forum should rarely be disturbed, despite the fact that the forum was inconvenient for the majority of witnesses (the only factor relied upon by the defendants).[11] Since *Roberts* was decided, Judge Lungstrum and other judges in this district have recognized that the strong presumption in favor of the plaintiff's choice of forum does not apply when the plaintiff does not reside in that forum.[12] Moreover, as addressed below, the other factors in this venue analysis point in favor of Wichita as the place for trial.

The convenience of the witnesses certainly counsels in favor of Wichita. Plaintiff does not dispute that every witness expected to testify at trial lives and works in Wichita. These witnesses would all be required to travel for three hours each way in order to testify if the trial was held in Kansas City and would certainly be required to take more time off work than would be required if the trial was held in Wichita. As defendants point out, convenience of witnesses also implicates trial efficiency, in that there will be much less chance of gaps in testimony if all of the witnesses are on hand in the same city where trial will be conducted. Defendants also point out all of the documents in this case are located in Wichita and that transporting them to Kansas City places a burden on the parties.

Defendants point out that there are no obstacles to a fair trial in Wichita. The Court agrees. While the potential jury pool in Wichita is certainly familiar with the defendants in this

---

[10] No. 02-2337-JWL, 2004 WL 726822 (D. Kan. Apr. 2, 2004).

[11] *Id.* at *2.

[12] *See, e.g.*, *Menefee*, 2009 WL 1313236, at *1; *Hobart v. Blue Cross & Blue Shield of Kan., Inc.*, No. 08-2545-CM, 2009 WL 211565, at *1 (D. Kan. Jan. 28, 2009); *S. Star Ctl. Gas Pipeline, Inc. v. Greul*, 08-2115-KHV, 2008 WL 5264130, at *2 (D. Kan. Dec. 17, 2008); *Guang Dong Light Headgear Factory Co. v. ACI Int'l, Inc.*, No. 03-4165-JAR, 2007 WL 3332789, at *1 (D. Kan. Nov. 7, 2007).

matter, there is no indication that a plaintiff who brings an employment action against a Wichita-based employer could not receive a fair trial in Wichita.[13] This factor does not weigh in favor of either a Kansas City or Wichita location.

All other practical considerations in this case are either neutral or counsel in favor of a Wichita location. The undersigned would be inconvenienced by traveling to either location, Kansas City or Wichita, so this factor is neutral. The fact that all of the parties, witnesses, and documents are based in Wichita is sufficient to overcome any deference given to plaintiff's choice of forum. The degree of inconvenience to the witnesses, the accessibility of documents, and the impact of Wichita-based witnesses on trial efficiency persuades the Court that defendants have met their burden of showing that plaintiff's choice of forum is substantially inconvenient.

**IT IS THEREFORE ORDERED BY THE COURT** that trial in this matter shall take place in Wichita, Kansas. Trial is set for April 27, 2010 at 9:00 a.m.[14]

**IT IS SO ORDERED.**

Dated: January 5, 2010

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[13]*See Hobart*, 2009 WL 211565, at *2 ("other courts in this district have found that a plaintiff in an employment-related action can receive a fair trial in the location where the defendant is a major employer."); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *2 n.3 (D. Kan. June 26, 2007) (same).

[14]The parties will receive a notice from the Court 60 days prior to trial advising them of any other cases set before them on this date. The parties will also be notified at a later time of the courtroom assignment for this matter.